NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1455, -1479

GREEN EDGE ENTERPRISES, LLC,

Plaintiff/Counterclaim Defendant-
Appellant,

v.

RUBBER MULCH ETC., LLC and RUBBER RESOURCES, LTD., LLP,

Defendants/Counterclaimants-
Cross Appellants,

and

GROUNDSCAPE TECHNOLOGIES, LLC,

Defendant/Counterclaimant,

v.

INTERNATIONAL MULCH COMPANY and MICHAEL MILLER,

Counterclaim Defendants-
Appellees,

and

JUDY SMITH and LEE GREENBERG,

Counterclaim Defendants.

Appeals from the United States District Court for the Eastern District of Missouri in case no. 02-CV-566, Magistrate Judge Terry I. Adelman.

ON MOTION

Before DYK, Circuit Judge.

ORDER

Green Edge Enterprises, LLC (Green Edge) and International Mulch Company et al. (International Mulch) move to dismiss appeal no. 2009-1479 with respect to Rubber Mulch Etc., LLC. Rubber Mulch opposes. Green Edge moves to consolidate appeal no. 2009-1455 with appeal no. 2009-1479. Rubber Mulch and Rubber Resources Ltd., LLP oppose in part. International Mulch opposes. Rubber Mulch and Rubber Resources, collectively, and Green Edge each move for leave to file supplemental appendices in appeal no. 2009-1455. International Mulch moves for leave to file an addendum with its brief in appeal no. 2009-1455 and appeal no. 2009-1479. International Mulch objects to the official caption in 2009-1479 and requests that the court reform the caption to add International Mulch as well as Judy Smith and Lee Greenberg. Green Edge moves for leave to file a corrected response and reply brief. Various parties move for extensions of time to file their briefs. Green Edge moves for leave to respond to the motion to strike in the reply brief of Rubber Mulch and Rubber Resources.

Green Edge sued Rubber Mulch and Rubber Resources for, inter alia, patent and trademark infringement. Rubber Mulch and Rubber Resources filed counterclaims against International Mulch[1] seeking a declaratory judgment of noninfringement and invalidity and/or unenforceability of a trademark.

With respect to the motion to dismiss, Green Edge argues that Rubber Mulch is not aggrieved by the January 10, 2007 and March 25, 2008 orders it seeks to appeal and thus appeal no. 2009-1479 should be dismissed with respect to Rubber Mulch. In its notice of appeal, Rubber Mulch indicates that it seeks review of three orders: a January 10, 2007 order denying its motion for summary judgment of patent invalidity; a

---

[1] Green Edge assigned the trademark in suit to International Mulch.

2009-1455, -1479            2

March 25, 2008 order granting summary judgment that the patent was invalid;[2] and a March 28, 2007 order granting International Mulch's motion for summary judgment with respect to the trademark counterclaims of Rubber Mulch and Rubber Resources. In the March 28 order, the district court ruled that Rubber Mulch and Rubber Resources could not bring a declaratory judgment action against International Mulch because they had not demonstrated that a case or controversy existed.

Green Edge is correct that Rubber Mulch cannot appeal the January 10, 2007 order denying summary judgment of patent invalidity, M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc., 439 F.3d 1335, 1344 (Fed. Cir. 2006) ("[d]enials of summary judgment are ordinarily not appealable"), and that Rubber Mulch cannot appeal the later March 25, 2008 order granting summary judgment of patent invalidity, Bailey v. Dart Container Corp. of Michigan, 292 F.3d 1360, 1362 (Fed. Cir. 2002) ("[i]t is only necessary and appropriate to file a cross-appeal when a party seeks to enlarge its own rights under the judgment or to lessen the rights of its adversary under the judgment"). Thus, neither Rubber Mulch nor Rubber Resources[3] may appeal the January 10, 2007, order or the March 25, 2008 order. If they wish, they may make arguments in support of the district court's rulings on these matters as appellees. Id. We do not read the motion

---

2      In the notice of appeal Rubber Mulch states that the March 25 order found its summary judgment motion moot. However, upon review of the order, the court notes that although the order did not reach all of Rubber Mulch's alternative arguments in support of invalidity, the court granted Rubber Mulch's summary judgment motion and held that the patent was invalid.

3      Green Edge states on page 2 of its motion that it seeks to dismiss only the portion of the appeal concerning Rubber Mulch and not the portion of the appeal concerning Rubber Resources. In addition, throughout the motion Green Edge raises arguments only with respect to Rubber Mulch. However, on page 5 of its motion Green Edge states that "Rubber Resources' cross-appeal should be dismissed." It appears that this is a typographical error. In any event, it appears that Rubber Resources may appeal not only the March 28, 2007 order, but also the district court's May 14, 2009 order sanctioning Rubber Resources and the district court's June 24, 2009 order dismissing with prejudice Rubber Resources' Lanham Act counterclaim.

to dismiss as seeking to dismiss Rubber Mulch's appeal with respect to the March 28, 2007 order granting International Mulch's motion for summary judgment on the trademark counterclaims. To the extent that it does seek to dismiss that portion of Rubber Mulch's appeal, the motion is improper because the March 28 order dismissed Rubber Mulch's trademark counterclaims against International Mulch, and International Mulch is not an appellant. The court notes that the appeal of Rubber Mulch must be confined to arguments concerning that order and thus in its reply brief (the fourth brief) Rubber Mulch may not raise arguments concerning the January 10 or March 25 orders, however, it may make alternative arguments for affirmance of the main appeal in its response brief (the second brief).

In addition, because both appeals arise from the same district court proceeding, consolidation is proper. The appeal and cross-appeal will be briefed together and argued together before the same merits panel. The court determines that a special briefing schedule is warranted.

It is apparent from the motions for leave to file supplemental appendices and addenda that the parties failed to coordinate preparation of the appendix. The court's rules provide for the submission of a single joint appendix in a consolidated case such as this one, and the parties are strongly encouraged to agree on the contents and pagination of the appendix so that multiple appendices are not necessary.

Accordingly,

IT IS ORDERED THAT:

(1)    The motion to dismiss is granted in part insofar as the cross-appeal concerns the January 10, 2007 and March 25, 2008 orders.

(2)    The motion to consolidate and the request to reform the official caption are granted. The revised official caption is reflected above.

2009-1455, -1479                          4

(3)     The motions for leave to file supplemental appendices and addenda, the motion for leave to file a corrected brief, and the motions for extensions of time are moot.

(4)     All briefs and appendices previously submitted in 2009-1455 and 2009-1479 other than Green Edge's opening brief in 2009-1455 are rejected.

(5)     Green Edge's motion for leave to reply to the motion to strike is moot.

(6)     The principal brief of Rubber Mulch and Rubber Resources concerning both appeals, containing no more than 16,500 words, is due within 21 days of the date of this order. The brief of International Mulch concerning both appeals, containing no more than 14,000 words, is due within 14 days of the date of service of the principal brief of Rubber Mulch and Rubber Resources. Green Edge's response and reply brief, containing no more than 14,000 words, is due within 14 days of the date of service of International Mulch's brief. The reply brief of Rubber Mulch and Rubber Resources, containing no more than 7,000 words, is due within 14 days of the date of service of Green Edge's response and reply brief. The joint appendix is due within 14 days of the date of service of the reply brief of Rubber Mulch and Rubber Resources.

FOR THE COURT

JAN 2 8 2010
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk

cc:     Allen P. Press, Esq.
        Jennifer E. Hoekel, Esq.
        Ronald Foster, Esq.

s17

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 2 8 2010

JAN HORBALY
CLERK

2009-1455, -1479                    5